⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1886**

**MAY 26, 2021 04:03 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

TINA DAVIS,

   Plaintiff,

v.

SF MARKETS, LLC and
VAL PEACHTREE CORNERS, LLC

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action File No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff and files this Complaint against Defendants as follows:

1.

Plaintiff was a resident of the State of Georgia, at all times relevant to this Complaint and is subject to the jurisdiction of this court.

2.

Defendant SF MARKETS, LLC ("SF") is a foreign limited liability company authorized to do business in Georgia and may be served with process via its registered agent, CSC of Cobb County, Inc., located in Cobb County at 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

3.

SF been properly served with Plaintiff's complaint.

4.

SF is subject to the venue and jurisdiction of this court.

5.

Defendant VAL PEACHTREE CORNERS, LLC ("VAL") is a foreign limited liability company authorized to do business in Georgia and may be served with process via its registered agent, CT Corporation System, located in Gwinnett County at 289 S Culver Street, Lawrenceville, GA 30046.

6.

VAL been properly served with Plaintiff's complaint.

7.

VAL is subject to the venue and jurisdiction of this court.

8.

On or about October 1, 2019 Plaintiff was a customer at the Sprouts Farmers Market retail store located at 5130 Peachtree Parkway Ste. 100, Peachtree Corners, GA 30092 (hereinafter referred to as "the premises").

9.

On or about October 1, 2019 the premises was owned and operated by SF.

10.

On or about October 1, 2019 the premises was owned and operated by VAL.

11.

On or about October 1, 2019, Plaintiff was an invitee on SF's premises.

12.

On or about October 1, 2019, Plaintiff was an invitee on VAL's premises.

13.

While shopping, the Plaintiff slipped and fell on a liquid substance that was on the floor (hereinafter referred to as "the hazard").

14.

There were no cones or other warnings in the area of the hazard at the time of the fall.

15.

SF had exclusive ownership, possession and control over the premises at all times relevant to this litigation.

16.

VAL had exclusive ownership, possession and control over the premises at all times relevant to this litigation.

17.

At all times relevant to this action, SF's employees were in the immediate vicinity and could have noticed or removed the hazard.

18.

As a result, Plaintiff suffered injuries and has incurred medical expenses.

19.

At all relevant times, SF owed a duty of reasonable care to Plaintiff to keep the premises free of hazardous conditions; to notify invitees of hazardous conditions; and to remedy such hazardous conditions.

20.

At all times relevant, SF had a non-delegable duty to maintain a reasonably safe premises for invitees such as Plaintiff.

21.

At all relevant times, VAL owed a duty of reasonable care to Plaintiff to keep the premises free of hazardous conditions; to notify invitees of hazardous conditions; and to remedy such hazardous conditions.

22.

At all times relevant, VAL had a non-delegable duty to maintain a reasonably safe premises for invitees such as Plaintiff.

23.

SF, along with its agents, employees, and members, knew or should have known of the hazard.

24.

At all times relevant, Plaintiff exercised due and reasonable care for her personal safety.

25.

SF, along with its agents, employees, and members, breached its duty of care to Plaintiff by failing to remedy an unsafe condition on the premises.

26.

VAL, along with its agents, employees, and members, breached its duty of care to Plaintiff by failing to remedy an unsafe condition on the premises.

27.

This unsafe condition was the cause of Plaintiff's injuries.

28.

SF's negligence was the cause of Plaintiff's injuries.

29.

VAL's negligence was the cause of Plaintiff's injuries.

30.

SF is responsible for the conduct of its employees under the doctrine of respondeat superior, agency or apparent agency.

31.

SF was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections and cleaning were performed.

32.

SF was negligent in training and supervising its staff.

33.

As a result of SF's negligence in training and supervising its employees, Plaintiff was injured.

34.

Plaintiff was injured as a result of the fault of SF.

35.

Plaintiff was injured as a result of the fault of VAL.

36.

SF is responsible for injuring Plaintiff.

37.

VAL is responsible for injuring Plaintiff.

38.

SF is responsible for fairly compensating Plaintiff for her injuries and damages.

39.

VAL is responsible for fairly compensating Plaintiff for her injuries and damages.

WHEREFORE, Plaintiff prays for trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recover medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff recover for pain and suffering in an amount to be determined by the jury;

c. That Plaintiff recover such other and further relief as is just and proper; and

d.      That all issues be tried before a jury.

This _____ day May, 2021

WOOD CRAIG & AVERY, LLC

Brian W. Craig
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No.:  324930
Attorneys for Plaintiff

3520 Piedmont Rd N.E. Suite 280
Atlanta GA 30305
(404) 888-9962
(404) 759-2326 (fax)

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1886**

**MAY 26, 2021 04:03 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TINA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No. _____ |
| | ) |
| SF MARKETS, LLC and | ) |
| VAL PEACHTREE CORNERS, LLC | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT SF MARKETS, LLC

Please admit the following:

1.

Please admit that service of process on you is proper and timely.

2.

Please admit that there has not been a failure to join a necessary and/or indispensable party to this action.

3.

Please admit that you are properly identified in the style of the Complaint.

4.

Please admit that you are subject to the jurisdiction of this Court.

5.

Please admit that you are subject to the venue of this Court.

6.

Please admit that you owed a duty to maintain the area where this incident occurred on October 1, 2019.

7.

Please admit that Plaintiff fell in a liquid hazard while on Defendant's premises on October 1, 2019.

8.

Please admit that the existence of the liquid on the floor where and when Plaintiff and other patrons were walking constituted a hazard.

9.

Please admit that Plaintiff did nothing to cause or contribute to her injuries.

10.

Please admit that Defendant breached its duty to Plaintiff by failing to adequately maintain Defendant's premises when this incident occurred.

11.

Please admit that you are responsible for Plaintiff's injuries and all special and general damages resulting from her injuries.

This _____ day May, 2021

WOOD CRAIG & AVERY, LLC

Brian W. Craig
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No.:  324930
Attorneys for Plaintiff

3520 Piedmont Rd N.E. Suite 280
Atlanta GA 30305
(404) 888-9962
(404) 759-2326 (fax)

🌐 **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1886**

**MAY 26, 2021 04:03 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

TINA DAVIS,                                )
                                           )
          Plaintiff,                )
                                           )
v.                                         )  Civil Action File No. _____
                                           )
SF MARKETS, LLC and                        )
VAL PEACHTREE CORNERS, LLC                 )
                                           )
                                           )
                                           )
          Defendants.               )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT SF MARKETS, LLC

COMES NOW Plaintiff, by and through counsel, and hereby serves upon Defendant Plaintiff's First Continuing Interrogatories to be answered in accordance with O.C.G.A. § 9-11-26 *et seq*.

When used in these Interrogatories, the term "Defendant", or any synonym thereof, is intended to, and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of the Defendants.

Defendant must respond to these Interrogatories by the forty-fifth day after following Service of the Complaint in this matter by sending the responses to counsel for Plaintiff on the forty-fifth day following service of this Complaint and these Interrogatories, or at any such time as may be mutually agreed upon by the parties and their attorneys. These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information but not later than the time of trial.

## **INTERROGATORIES**

### 1.

Please provide the name, address, telephone number, place of employment, job title or capacity, and relationship to Defendant of all persons who provided information in order to respond to these Interrogatories.

### 2.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to Defendant who saw, or claim they saw, all or any part of the occurrence complained of in this action.

### 3.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

### 4.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons known to Defendant who have knowledge of relevant information, facts or circumstances in this case.

### 5.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying same with sufficient particularity to satisfy a request for production of documents.

### 6.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons employed by Defendant at the time of the incident complained of in this action who had managerial or supervisory responsibilities at relating to maintaining the premises of the store where this incident occurred. Please delineate the nature of those supervisory responsibilities, maintenance responsibilities and job titles of the individuals identified.

7.

In the event you or anyone acting in your behalf have or know of any photographs or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint, please state the following:

(a)     its nature;

(b)     its specific subject matter;

(c)     the date it was made or taken;

(d)     the name and address of the person making or taking it;

(e)     what each item purports to show;

(f)     the name, address and telephone number of the person having custody of each such item or items.

8.

Please state the name, address, and telephone number of each person (whether your employee or not), who, by virtue of his or her experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.  With respect to each such person, please state the following:

(a)     the subject matter said person was retained to study or investigate;

(b)     the substance of the facts and opinions or conclusions found or arrived at by each such person;

(c)     a summary of the facts or grounds for the opinions and conclusions of each such person;

(d)     whether or not such person provided you with a written or recorded statement or report concerning their study or investigation, and if so, please state the date of the report, the name and address of the preparer of the report, and the name and address of all persons known to you to have a copy of each such statement or report.

9.

Please state the name, address and telephone number of all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter, and with respect to each such person, please state the following:

(a)     the specific subject matter on which you expect such expert to testify;

(b)     the substance of the facts, opinions and conclusions to which you expect such expert to testify;

(c)     a summary of the facts or grounds for each such opinion or conclusion;

(d)     whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation and, if so, the name and address of all persons who have custody of such report or statement.

10.

Please state whether there is or was in existence any policy or policies of liability insurance which would or might inure to the benefit of the Plaintiff here by providing for payment of a part of, or all of, any judgment rendered in favor of the Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to the Plaintiff by reason of the incident described in the Complaint, and if the answer is yes, state as follows as to each such policy of insurance known or believed to exist by you or your attorneys:

(a)     the name and address of the insurer on each such policy;

(b)     the name and address of each named insured on each such policy;

(c)     the relationship, if any, between each named insured on each such policy, and any named Defendant in this cause;

(d)     the policy number of each such policy;

(e)     the name and address of any firm, person or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, and the relationship, if any, between such

(f)     the limits of liability of such policy as might be applied to any one plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident;

(g)     whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of, or all of any judgment before the insurer must make any payment; if so, what

payment must be made and by whom before the insurer must make
payment;

(h)     whether or not any insurer has notified any insured that said insurer
claims that there is or may be no coverage under the terms of the
policy of insurance involved and if the answer is "yes", describe the
reason given for the claimed lack of coverage or failure thereof as
stated by said insurer (identifying same) to said insured (identifying
same), and state the date of such notice; and

(i)     whether or not all "excess" and "catastrophe" and "umbrella" policies
known to exist are listed above and if not, why not.

11.

State the names, addresses, home telephone numbers, places of employment, work telephone
numbers, job titles or capacities, and present whereabouts of all persons who are believed by you to
have knowledge about and concerning the physical condition of the Plaintiff prior to and following
the incident described in the Complaint.

12.

If you contend that this Defendant is not the proper legal entity to be sued in this action, or if
there is a misnomer, please identify whom you contend would be the proper legal entity or entities.
This interrogatory does not seek any admission of legal liability, only the affirmation of legal
responsibility in the event liability is proven.

13.

If you contend that any other entities or individuals bear responsibility for the Plaintiff's
injuries in this litigation, please identify the names, addresses, home telephone numbers, places of
employment, work telephone numbers, job titles or capacities, and present whereabouts of any and
all such individuals and/or identify such legal entities by name and current address.

14.

State the names, addresses, home telephone numbers, places of employment, work telephone
numbers, job titles or capacities and present whereabouts of all persons who examined the location of
Plaintiff's injury immediately before and after her injury, specifying particularly whether said persons
examined the location before or after the injury.

15.

Please set forth in detail all steps taken by Defendant to avoid any future incidents such as that described in Plaintiff's Complaint.

16.

Please state whether or not Defendant is the in fact the owner of the property where the Plaintiff fell.

17.

Please identify whether surveillance captured the event that is the subject of this litigation, the location of the footage, as well as the entity in charge of monitoring the surveillance that would have captured this event more fully described in the Complaint.

18.

Please identify all incidents resulting in injuries taking place at the store where this incident occurred for the five (5) years prior to the incident more fully described in Plaintiff's Complaint. Please identify if there are incident reports or any other documentation that have memorialized these incidents and produce said reports to Plaintiff.

19.

For the incident that is the subject of this litigation, please state whether Defendant generated an incident report and if so, the custodian of said incident report.

20.

Please identify by name, address, and telephone number each employee of Defendant who was working at the store where this incident occurred on October 1, 2019. For each individual, please state whether this individual is currently employed by this Defendant or not. If the individual is not currently employed by Defendant, please provide the employee's last known address and telephone number.

21.

Please identify any and all documentation that contains the policies and procedures for maintaining, cleaning, inspecting or otherwise keeping the store where this incident occurred free from hazardous conditions.

22.

Please identify all documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of your responses to these Interrogatories.

23.

Please identify with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already been identified, and give the name and address of the person(s) having possession, custody or control of each thing.

24.

Please identify the source of the liquid hazard on the floor of the area in which Plaintiff fell.

25.

Do you have any knowledge of any accident in which Plaintiff in this litigation was involved during Plaintiff's lifetime or of any prior or subsequent injuries that may have been sustained by Plaintiff?  If so, please identify each such accident by date, place of occurrence, and other persons involved.  For each prior injury of Plaintiff known to the party propounding these Interrogatory Responses, please identify each such injury, the date said injury was sustained, the manner in which said injury was sustained, and the physicians by whom the Plaintiff was treated.

26.

Please identify the date on which Defendant anticipated litigation might arise out of this incident.

This _____ day May, 2021

WOOD CRAIG & AVERY, LLC

Brian W. Craig
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No.:  324930
Attorneys for Plaintiff

3520 Piedmont Rd N.E. Suite 280
Atlanta GA 30305
(404) 888-9962
(404) 759-2326 (fax)

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1886**

**MAY 26, 2021 04:03 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TINA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No. _____ |
| | ) |
| SF MARKETS, LLC and | ) |
| VAL PEACHTREE CORNERS, LLC | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT SF MARKETS, LLC

COMES NOW Plaintiff, by and through counsel, and in accordance with O.C.G.A. § 9-11-34, requests Defendant to produce the following requested documents to counsel for Plaintiff on the forty-fifth day following service of this Complaint and this Request for Production of Documents, or at any such other reasonable time or place as might be mutually agreed upon by the parties and their attorneys prior to said date, for the purpose of inspection and copying the matters requested below.

Plaintiff needs to examine, copy and inspect said described items and is unable, without due hardship, to obtain the substantial equivalent of the materials by other means, or, alternatively, Plaintiff is otherwise entitled to said items under O.C.G.A. § 9-11-34.

Defendant is requested to file a response to this Request on or before the above date in accordance with O.C.G.A. § 9-11-34.  It is hereby certified that a true and correct copy of this foregoing notice of Request for the Production of Documents has been served upon Defendant by being attached to the Summons and Complaint.

## DOCUMENT REQUESTS

1.

The original of each and every written statement or a transcript of a recorded statement that covers the facts and/or circumstances of the incident that gives rise to the Complaint in this action.

2.

The originals of each and every photograph or other pictorial representation, including videotaping, of the events and happenings alleged in Plaintiff's Complaint that have been or is available to Defendant.

3.

A copy of each and every written or recorded statement or report concerning the study or investigation of each person identified in responses to Plaintiff's First Continuing Interrogatories to Defendant.

4.

A copy of each and every written or recorded statement or report concerning the investigation of each witness expected to be called as an expert upon the trial of this matter.

5.

A copy of each and every policy of liability insurance identified in this Defendant's answer to Plaintiff's First Interrogatories.

6.

Please produce any and all policies, procedures, guidelines, corporate directives, memoranda or any other document or tangible thing by whatever name called which sets forth any practices of this Defendant with respect to the operation, inspection and maintenance of the store where this incident occurred.

7.

Please provide any and all documents that provide or include any of the information responsive to Plaintiff's First Interrogatories Nos. 18, 19, 21, 22, and 23.

8.

Please produce copies of any and all complaints for damages resulting from slip and fall injuries where this incident occurred for the five (5) years preceding Plaintiff's fall.

9.

Please produce any incident report or other documentation of the incident that forms the basis of Plaintiff's Complaint.

10.

Please produce any and all correspondence or other documentation that in any way relates or related to the incident described in Plaintiff's Complaint that was sent internally or sent by Defendant to any other person or corporation.

11.

Please produce all written agreements or other documents which in any way address any issue of ownership, operation, management or maintenance of the area where Plaintiff was injured.

12.

Please produce all sweep cards, inspection reports, maintenance reports, or cleaning reports relative to the location where this incident occurred for the three (3) years preceding up to and including Plaintiff's incident.

13.

Please produce all medical records relating to Plaintiff obtained by your counsel through 9-11-34(c)

14.

Please produce all documents you intend to rely upon for any depositions, hearings, or the trial of this case.

15.

Please produce a list of all documents that are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author and recipient and specifying the reason for withholding it from production.

This _____ day May, 2021

WOOD CRAIG & AVERY, LLC

Brian W. Craig
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No.:  324930
Attorneys for Plaintiff

3520 Piedmont Rd N.E. Suite 280
Atlanta GA 30305
(404) 888-9962
(404) 759-2326 (fax)

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1886**

**JUN 29, 2021 04:26 PM**

*Robin C. Bishop*

Clerk of State Court
Cobb County, Georgia

|  |  |
|---|---|
| TINA DAVIS | ) |
| Plaintiff, | ) |
|  | ) |
| VS. | ) |
|  | ) |
| SF MARKETS, LLC AND VAL PEACHTREE CORNERS, LLC | ) |
| Defendants. | ) |
|  | ) |

CIVIL ACTION FILE NO.: 21-A-1886

## AFFIDAVIT OF SERVICE UPON SF MARKETS, LLC.

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of FRANK L. SWINDLE - PROCESS SERVER, who after first being duly sworn, and states:

1. My name is FRANK L. SWINDLE - PROCESS SERVER, and I am competent in all respects to testify regarding the matter set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above action and I am not related to any of the parties.

2. I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the STATE COURT OF COBB COUNTY and I have been assigned in the above-styled case to perfect service of process of the pending Summons and Complaint upon SF MARKETS, LLC.

3. On Jun 25, 2021 at approx. 12:00 pm at the 192 ANDERSON ST SE SUITE 125, MARIETTA, GA 30060 address, I served the pending SUMMONS AND COMPLAINT (JURY TRIAL DEMANDED), GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SF MARKETS, LLC, PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT SF MARKETS, LLC, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SF MARKETS, LLC upon SF MARKETS, LLC., by leaving said service documents in the hands of TERRI THOMPSON, who is an employee of KING, YAKLIN, & WILKINS, LLP., who is a designated representative of Corporation Service Company of Cobb County Inc., the Registered Agent for SF MARKETS, LLC., and who is authorized to accept service of process on behalf SF MARKETS, LLC.

This 29th of June, 2021.

_____
FRANK L. SWINDLE - PROCESS SERVER

Sworn to and subscribe before me
This 29th of June, 2021

_____
Notary Public,
My commission expires on ____Oct. 22, 2022____

Hakimah Hudson
NOTARY PUBLIC
DeKalb County, GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1886**

**JUL 29, 2021 01:00 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

TINA DAVIS,

    Plaintiff,

vs.

SF MARKETS, LLC and VAL
PEACHTREE CORNERS, LLC,

    Defendants.

CIVIL ACTION FILE NO.: 21-A-1886

## DEFENDANT PEACHTREE CORNERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Peachtree Corners, LLC ("Peachtree Corners" or "this Defendant") files its Affirmative Defenses and Answer to Plaintiff's Complaint, showing the Court as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted from Peachtree Corners under O.C.G.A. § 9-11-12 (b) (6).

### SECOND DEFENSE

Diversity of jurisdiction appears to exist, but upon current information and belief, the amount in controversy does not exceed $75,000.00. Accordingly, this Defendant reserves its right to remove this case to federal court should information become available that the amount in controversy exceeds the jurisdictional threshold.

### THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff's comparative or contributory negligence was equal to or greater than that of Peachtree Corners.

256616128v.1

<u>FOURTH DEFENSE</u>

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom Peachtree Corners had no control; therefore, Peachtree Corners cannot be liable to the Plaintiff.

<u>FIFTH DEFENSE</u>

Peachtree Corners denies that it was negligent or that it is liable to Plaintiff. However, in the event Peachtree Corners is found liable to Plaintiff, any damages awarded to Plaintiff are subject to apportionment under O.C.G.A. § 51-12-33.

<u>SIXTH DEFENSE</u>

Plaintiff's claims are or may be barred by the doctrine of assumption of the risk.

<u>SEVENTH DEFENSE</u>

Peachtree Corners responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 1 of Plaintiff's Complaint; therefore, said allegations stand denied.

2.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 2 of Plaintiff's Complaint; therefore, said allegations stand denied.

256616128v.1

3.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 3 of Plaintiff's Complaint; therefore, said allegations stand denied.

4.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 4 of Plaintiff's Complaint; therefore, said allegations stand denied.

5.

Peachtree Corners admits the allegations made in Paragraph 5 of Plaintiff's Complaint.

6.

Peachtree Corners admits the allegations made in Paragraph 6 of Plaintiff's Complaint.

7.

Peachtree Corners denies the allegations made in Paragraph 7 of Plaintiff's Complaint.

8.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 8 of Plaintiff's Complaint; therefore, said allegations stand denied.

9.

Peachtree Corners denies the allegations made in Paragraph 9 of Plaintiff's Complaint.

10.

Peachtree Corners denies the allegations made in Paragraph 10 of Plaintiff's Complaint.

11.

Peachtree Corners denies the allegations made in Paragraph 11 of Plaintiff's Complaint.

256616128v.1

12.

Peachtree Corners denies the allegations made in Paragraph 12 of Plaintiff's Complaint.

13.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 13 of Plaintiff's Complaint; therefore, said allegations stand denied.

14.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 14 of Plaintiff's Complaint; therefore, said allegations stand denied.

15.

Peachtree Corners denies the allegations made in Paragraph 15 of Plaintiff's Complaint.

16.

Peachtree Corners denies the allegations made in Paragraph 16 of Plaintiff's Complaint.

17.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 17 of Plaintiff's Complaint; therefore, said allegations stand denied.

18.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 18 of Plaintiff's Complaint; therefore, said allegations stand denied.

4

19.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 19 of Plaintiff's Complaint; therefore, said allegations stand denied.

20.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 20 of Plaintiff's Complaint; therefore, said allegations stand denied.

21.

Peachtree Corners denies the allegations made in Paragraph 21 of Plaintiff's Complaint.

22.

Peachtree Corners denies the allegations made in Paragraph 22 of Plaintiff's Complaint.

23.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 23 of Plaintiff's Complaint; therefore, said allegations stand denied.

24.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 24 of Plaintiff's Complaint; therefore, said allegations stand denied.

25.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 25 of Plaintiff's Complaint; therefore, said allegations stand denied.

256616128v.1

26.

Peachtree Corners denies the allegations made in Paragraph 26 of Plaintiff's Complaint.

27.

Peachtree Corners denies the allegations made in Paragraph 27 of Plaintiff's Complaint.

28.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 28 of Plaintiff's Complaint; therefore, said allegations stand denied.

29.

Peachtree Corners denies the allegations made in Paragraph 29 of Plaintiff's Complaint.

30.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 30 of Plaintiff's Complaint; therefore, said allegations stand denied.

31.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 31 of Plaintiff's Complaint; therefore, said allegations stand denied.

32.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 32 of Plaintiff's Complaint; therefore, said allegations stand denied.

256616128v.1

33.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 33 of Plaintiff's Complaint; therefore, said allegations stand denied.

34.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 34 of Plaintiff's Complaint; therefore, said allegations stand denied.

35.

Peachtree Corners denies the allegations made in Paragraph 35 of Plaintiff's Complaint.

36.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 36 of Plaintiff's Complaint; therefore, said allegations stand denied.

37.

Peachtree Corners denies the allegations made in Paragraph 37 of Plaintiff's Complaint.

38.

Peachtree Corners is without sufficient knowledge, information, or belief with which to answer the allegations made in Paragraph 38 of Plaintiff's Complaint; therefore, said allegations stand denied.

39.

Peachtree Corners denies the allegations made in Paragraph 39 of Plaintiff's Complaint.

Any paragraphs not specifically addressed herein stand denied as pled.

256616128v.1

WHEREFORE, having fully responded to the Complaint, Peachtree Corners asks:

(a)  that the above stated defenses be inquired into and that the same be sustained;

(b)  that trial by jury of 12 be had;

(c)  that judgment be entered against Plaintiff;

(d)  that all costs be taxed against Plaintiff; and

(e)  that this Court enter such other and further relief as it deems just and proper under the circumstances.

Respectfully submitted this 29th day of July, 2021.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
470-419-6650 (telephone)
470-419-6651 (facsimile)
michael.manfredi@wilsonelser.com

*/s/ Michael P. Manfredi*
Michael P. Manfredi
GA Bar No. 784682

*Counsel for Defendant Peachtree Corners, LLC*

256616128v.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the foregoing **DEFENDANT PEACHTREE**

**CORNERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** by filing it using the Clerk's

Odyssey E-File GA electronic filing system which will generate an electronic notice to the

following counsel of record:

Brian W. Craig, Esq.
Sean S. Campbell, Esq.
Wood Craig & Avery, LLC
3520 Piedmont Rd. NE, Suite 280
Atlanta, GA 30305
brian@woodcraig.com
sean@woodcraig.com
*Attorneys for Plaintiff*

Dated: July 29, 2021

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**

*/s/ Michael P. Manfredi*
Michael P. Manfredi
GA Bar No. 784682

☁ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1886**

AUG 25, 2021 12:22 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

TINA DAVIS,

    Plaintiff,

vs.

SF MARKETS, LLC and VAL
PEACHTREE CORNERS, LLC,

    Defendants.

CIVIL ACTION FILE NO.: 21-A-1886

## CONSENT MOTION TO DISMISS LESS THAN ALL PARTIES

Plaintiff Tina Davis and Defendants SF Markets, LLC and VAL Peachtree Corners, LLC, by and through the undersigned counsel, and pursuant to O.C.G.A. § 9-11-21, respectfully move the Court to enter an order dismissing VAL Peachtree Corners, LLC from this case without prejudice.

Under Georgia law, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."[1]   Further, "a voluntary dismissal of less than all of several defendants must be accompanied by a ruling of the trial court under [O.C.G.A. § 9-11-21] to be effective."[2]   The parties agree and consent that Plaintiff's claims against VAL Peachtree Corners, LLC should be dismissed without prejudice and that VAL Peachtree Corners, LLC should be dropped as a party defendant.   There are no cross-claims or other claims against VAL Peachtree Corners, LLC in the lawsuit other than Plaintiff's claims against it.   Therefore, the parties respectfully request that the Court enter an order

---

[1]     O.C.G.A. § 9-11-21.

[2]     Manning v. Robertson, 223 Ga. App. 139, 141 (1996) (brackets in original).

257946878v.1

dismissing all claims asserted by Plaintiff against VAL Peachtree Corners, LLC in this case without prejudice.

In consideration of the relief requested herein, the parties further request that the Clerk of Court remove VAL Peachtree Corners, LLC from the caption of this case and reflect upon the docket that this matter remains pending against the remaining defendants.

Respectfully submitted this 25th day of August, 2021.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

3348 Peachtree Road, N.E.
Suite 1400
Atlanta, GA 30326
(470) 419-6650
Fax (470) 419-6651
michael.manfredi@wilsonelser.com
taylor.hanks@wilsonelser.com

*/s/ Michael P. Manfredi*
Michael P. Manfredi
Georgia Bar No. 784682
Taylor T. Hanks
Georgia Bar No. 786484
*Counsel for Defendant VAL Peachtree Corners, LLC*

Consented to by:

*/s/ Brian W. Craig*
Brian W. Craig
(signed with express permission
by Mickey Manfredi)
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No. 324930
WOOD CRAIG & AVERY, LLC
3520 Piedmont Road, N.E.
Suite 280
Atlanta, GA 30305
brian@woodcraig.com
sean@woodcraig.com
*Counsel for Plaintiff*

*/s/ Erica L. Morton*
Erica L. Morton
Georgia Bar No. 140869
Brianna S. Tucker
Georgia Bar No. 109297
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, GA 30309-3231
erica.morton@swiftcurrie.com
brianna.tucker@swiftcurrie.com
*Counsel for SF Markets, LLC*

257946878v.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing **Consent Motion to Dismiss Less Than All Parties** was served upon all counsel of record by filing the same via the Court's e-filing system, which will send electronic notification to counsel addressed as follows:

<table>
<tr>
<td>

Brian W. Craig
Sean S. Campbell
WOOD CRAIG & AVERY, LLC
3520 Piedmont Rd. NE
Suite 280
Atlanta, GA 30305
brian@woodcraig.com
sean@woodcraig.com
*Counsel for Plaintiff*

</td>
<td>

Erica L. Morton
Brianna S. Tucker
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, GA 30309-3231
erica.morton@swiftcurrie.com
brianna.tucker@ swiftcurrie.com
*Counsel for SF Markets, LLC*

</td>
</tr>
</table>

This 25th day of August, 2021.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

<u>*/s/ Michael P. Manfredi*</u>
Michael P. Manfredi
Georgia Bar No. 784682
Taylor T. Hanks
Georgia Bar No. 786484
*Counsel for Defendant VAL Peachtree Corners, LLC*

🖥 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-1886**

AUG 30, 2021 01:38 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

TINA DAVIS,

    Plaintiff,

.vs.

    CIVIL ACTION FILE NO.: 21-A-1886

SF MARKETS, LLC and VAL
PEACHTREE CORNERS, LLC,

    Defendants.

## [PROPOSED] ORDER GRANTING CONSENT MOTION TO DISMISS LESS THAN ALL PARTIES

Upon consideration of the parties' Consent Motion to Dismiss Less Than All Parties, and for good cause shown, this Court hereby GRANTS the Motion. VAL Peachtree Corners, LLC is hereby dismissed from the above-captioned lawsuit without prejudice. All other claims in this case shall continue unabated.

SO ORDERED, this 30ᵗʰ day of _____Aug_____., 2021.

_____

HON. JOHN S. MORGAN
Judge, State Court of Cobb County

Consented to by:

*/s/ Michael P. Manfredi*
Michael P. Manfredi
Georgia Bar No. 784682
Taylor T. Hanks
Georgia Bar No. 786484
*Counsel for Defendant VAL Peachtree Corners, LLC*

3348 Peachtree Road, N.E., Suite 1400
Atlanta, GA 30326
(470) 419-6650
Fax (470) 419-6651

*/s/ Brian W. Craig*
Brian W. Craig
(signed with express permission
by Mickey Manfredi)
Georgia Bar No. 143196
Sean S. Campbell
Georgia Bar No. 324930
*Counsel for Plaintiff*

3520 Piedmont Road, N.E.
Suite 280
Atlanta, GA 30305

257951892v.1

michael.manfredi@wilsonelser.com  
taylor.hanks@wilsonelser.com

brian@woodcraig.com  
sean@woodcraig.com

*/s/ Erica L. Morton*  
Erica L. Morton  
Georgia Bar No. 140869  
Brianna S. Tucker  
Georgia Bar No. 109297

1355 Peachtree Street, N.E.  
Suite 300  
Atlanta, GA 30309-3231  
erica.morton@swiftcurrie.com  
brianna.tucker@swiftcurrie.com  
*Counsel for SF Markets, LLC*

257951892v.1

Certificate of Service

I certify that I have on this date served a true and correct copy of the foregoing Order to all parties and/or their attorney of record by electronically filling the foregoing document using the Cobb County PeachCourt system. I further certify that the foregoing document was served upon the following person(s) via the Cobb County PeachCourt system:

Brain W. Craig, Esq. – brian@woddcraig.com
Dean S. Campbell, Esq. – sean@woodcraig.com
Michael P. Manfredi, Esq. – Michael.manfredi@wilsonelser.com
Taylor T. Hanks, Esq. – taylor.hanks@wilsonelser.com
Erica L. Morton, Esq. – Erica.morton@swiftcurrie.com
Brianna S. Tucker, Esq. – Brianna.tucker@swiftcurrie.com


This, the 30th day of August, 2021.

_____
Allison Schnatmeier, Judicial Administrative Specialist
to Judge John S. Morgan, State Court of Cobb County